| | |
|---|---|
| Terri H. Didion, Assistant United States Trustee<br>State Bar No. CA 133491<br>Edward M. McDonald Jr., Trial Attorney<br>State Bar No. NY 4126009<br>*edward.m.mcdonald@usdoj.gov*<br>**UNITED STATES DEPARTMENT OF JUSTICE**<br>Office of the United States Trustee<br>300 Las Vegas Boulevard, So., Suite 4300<br>Las Vegas, Nevada 89101<br>Cell:  (202) 603-5222<br>Attorneys for the United States Trustee for Region 17<br>       TRACY HOPE DAVIS | E-Filed:  December 10, 2021 |

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>**LUSSO AUTO, LLC,**<br><br>                                        Debtor. | Case No: BK-S-21-14567-NMC<br>Chapter 11<br><br>Date:  January 11, 2022<br>Time:  9:30 a.m.<br>Location:  Foley Ctrm. 3, Telephonic<br>Tel:  (877) 411-9748; Code:  8931051# |

**MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. §§ 1112(b) AND (e), AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, <u>TO DISMISS OR CONVERT CHAPTER 11 CASE AND RESERVATION OF RIGHTS</u>**

To the Honorable Natalie M. Cox, United States Bankruptcy Judge**:**

Tracy Hope Davis, United States Trustee for Region 17 (the "U.S. Trustee"), by and through undersigned counsel, hereby brings the *Motion of the United States Trustee, Pursuant to 11 U.S.C. §§ 1112(b) and (e), and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Convert or Dismiss Chapter 11 Case and Reservation of Rights* (the "Motion").[1]

The U.S. Trustee seeks dismissal of this case, or, in the alternative, conversion to a case under Chapter 7, of the case of the above captioned debtor Lusso Auto, LLC ("Debtor") under

---

[1] "Section" refers to section of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 as amended, unless otherwise noted, and "FRBP" refers to the Federal Rules of Bankruptcy Procedure.

.

1

Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

"Cause" exists to dismiss or convert this Chapter 11 case to Chapter 7 pursuant to Section 1112(b) for several reasons: (1) Debtor has failed to timely file all monthly operating reports ("MORs"); (2) Debtor has failed to attend the continued meeting of creditors convened by the U.S. Trustee on December 9, 2021; and (3) Debtor has failed to expeditiously prosecute this case. In addition, cause exists to dismiss or covert this case pursuant to Section 1112(e), because Debtor has failed to file schedule and statements within 15 days of the petition date or to have an extension to file those schedules granted by an order entered on the case docket. For these reasons, the U.S. Trustee has established cause to convert or dismiss this case pursuant to Sections 1112(b) and (e).

Accordingly, the U.S. Trustee requests that the Court enter an order granting the Motion and dismissing this case or, in the alternative, converting it to Chapter 7.

The Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### JURISDICTION AND VENUE

1. The Bankruptcy Court has original and exclusive jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(a). The Bankruptcy Court also has subject matter jurisdiction to adjudicate the contested matter presented by the Motion pursuant to 28 U.S.C. § 1334(b) as the relief sought under Section 1112 constitutes a civil proceeding arising under the Bankruptcy Code.

2. Adjudication of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The filing of a motion pursuant to Fed. R. Bankr. P. 1017(f)(1) initiates a contested matter governed by FED. R. BANKR. P. 9014.

3. Venue of Debtor's bankruptcy case and the contested matter presented by the Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The U.S. Trustee has standing to prosecute the Motion pursuant to Sections 307 and 1112 and Fed. R. Bankr. P. 1017 and 9014. *See Stanley v. McCormick, Barstow,*

*Sheppard, Wayte & Carruth (In re Donovan Corp.)*, 215 F.3d 929, 930 (9th Cir. 2000). The U.S. Trustee brings this Motion pursuant to her statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

<u>BACKGROUND FACTS AND PROCEDURAL POSTURE</u>

5. On September 18, 2021, Debtor filed a voluntary petition under Chapter 11 commencing this case. [*See* ECF No. 1; *see also* Declaration of Melinda R. Davis ("Davis Declaration")].[2]

6. No official committee of unsecured creditors has been appointed in this case. [*See generally* case docket].

7. No trustee or examiner has been appointed in this case. [*See id.*].

8. The 341 meeting of creditors was held on October 28, 2021 and December 9, 2021, and continued to January 20, 2022. [*See* ECF Nos. 4, 32 & 36].

9. Debtor's representative and counsel of record failed to appear at the continued 341 meeting of creditors on December 9, 2021. [*See* Davis Declaration].

10. Debtor has not filed, *inter alia*, a summary of schedules, Schedules A/B, D, E, F, G, or H, or a statement of financial affairs. [*See* ECF Nos. 1 & 7, *see generally* case docket; *see also* Davis Declaration].

11. On September 22, 2021, a notice of incomplete or deficient filing was served on the Debtor. [*See* ECF Nos. 7 & 10].

12. On October 5, 2021, Debtor filed a motion to extend the deadline for it to file schedules to November 3, 2021. However, no order has ever been entered granting that motion and no schedules were filed by November 3, 2021. [*See* ECF Nos. 14-18, *see generally* case docket; *see also* Davis Declaration].

---

[2] The U.S. Trustee also requests that the Court take judicial notice of the pleadings and documents filed in this bankruptcy case pursuant to FRBP 9017 and Fed. R. Evid. 201. To the extent that the Motion contains factual assertions predicated upon statements made by Debtor or by Debtor's agents in documents filed in this case, the U.S. Trustee represents that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and Fed. R. Evid. 801(d)(2).

13. Debtor has failed to file any monthly operating reports ("MORs") in this case, including for the periods September 18-30, 2021 and October 2021, which are past due. [*See generally* case docket; *see also* Davis Declaration].

14. On November 22, 2021 the Court entered an order granting secured creditor Ford Motor Credit Company relief from the automatic stay with regard to a 2019 Ford F350. [*See* ECF Nos. 19-21 & 35; *see also* Davis Declaration].

15. Debtor's counsel of record moved to withdraw as counsel on October 21, 2021 with a hearing set on shortened time for November 16, 2021. However, no order has yet been entered granting that motion to withdraw. [*See generally* case docket; *see also* ECF Nos. 26-31 & 33].

16. A review of the case docket for this case indicates that Debtor has taken no action of record in this case since he filed an MOR on May 26, 2020, over sixteen months ago. [*See generally* case docket].

17. On November 17, 2021 the Court entered an order to show cause why this case should not be dismissed for failing to be represented by counsel, which is set for hearing on January 18, 2022. [*See* ECF No. 33].

18. Debtor has taken no action of record in this case since its counsel of record filed a certificate of service on October 27, 2021. [*See generally* case docket; *see also* Davis Declaration].

19. Debtor has never filed a disclosure statement or plan in this case. [*See generally* case docket; *see also* Davis Declaration].

## ARGUMENT

**A.    *Cause Exists Under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4) to Convert or Dismiss This Bankruptcy Case.***

20. 11 U.S.C. § 1112(b)(1) provides that:

[e]xcept as provided in paragraph (2) and subsection (c), on request . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

4

21. Section 1112(b) includes a non-exclusive list of what constitutes "cause;" however, the court should "consider other factors as they arise, and use its equitable power to reach the appropriate result." *Pioneer Liquidating Corp. v. United States Trustee (In re Consolidated Pioneer Mortgage Entities),* 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) *aff'd,* 264 F.3d 803 (9th Cir. 2001). The bankruptcy court has broad discretion to determine what constitutes "cause" adequate for dismissal or conversion under § 1112(b). *Id.*

22. As movant, the U.S. Trustee bears the burden of establishing by a preponderance of the evidence that cause exists. *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014) (citation omitted). Where reorganization or rehabilitation is unrealistic or futile, a chapter 11 case may be dismissed or converted even at its outset. *Johnston v. Jem Dev. Co. v. Johnston (In re Johnston)*, 149 B.R. 158, 162 (B.A.P. 9th Cir. 1992). And, if a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether dismissal or conversion is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate. *In re Sullivan*, 522 B.R. at 612.

**B.    *Cause exists under Section (b)(4)(F) because Debtor has failed to timely file MORs.***

23. Section 1112(b)(4)(F) provides that cause for conversion or dismissal of a bankruptcy case includes the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter."

24. Debtor has failed to file MORs for the months of September 2021 and October 2021. These MORs are required by applicable U.S. Trustee Guidelines, as well as the Bankruptcy Code and Rules.[3] Specifically, Local Rule 2015.4 provides that debtors in

---

[3] The *United States Trustee Chapter 11 Operating and Reporting Guidelines for Debtors in Possession (Revised February 2020)* ("Guidelines") provide that a debtor must file monthly operating reports by the 21st day of the month following the reporting period, unless a different period is specified by Local Rule. *See Guidelines,* page 4 at ¶7. In addition, FRBP 2015(a)(2)and (3), and LR 2015 require the filing of periodic reports as the United States Trustee requires.

5

possession who did not file a Small Business or Subchapter V case are required to file a monthly operating report until the effective date of a confirmed plan, or an order is entered dismissing or converting the case. LR 2015.4. As other Courts have held, monthly reports and the financial disclosures contained in them "are the life blood of the Chapter 11 process" and are more than "mere busy work." *YBA Nineteen, LLC v. IndyMac Venture, LLC (In re YBA Nineteen, LLC)*, 505 B.R. 289, 303 (S.D. Cal. 2014) (citation omitted). *See also In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (citation omitted).

25. Even if Debtor were now to file all of the required monthly operating reports that are past due, Debtor's delay in filing would itself constitute cause to dismiss or convert this case under Section 1112(b).[4] Cause, as defined in Section 1112(b), includes the "unexcused failure to satisfy *timely* any filing or reporting requirement." 11 U.S.C. § 1112(b)(4)(F) (emphasis added). *In re Babayoff*, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011) (finding cause to convert or dismiss under Section 1112(b) where debtor filed multiple monthly operating reports "in a single batch, weeks or months late").

26. Accordingly, there is cause to dismiss this bankruptcy case, and the Court should enter an order dismissing the case pursuant to 11 U.S.C. §§ 1112(b)(1) and (b)(4)(F).

C. ***Cause Exists Under 11 U.S.C. §1112(b)(4)(G) because of Debtor's Failure to Attend the 341 Meeting of Creditors.***

27. "Cause" under 11 U.S.C. §1112(b)(4)(G) states that a case shall be converted or dismissed if a debtor fails to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor. *See* 11 U.S.C. §§ 1112(b)(1) and (b)(4)(G).

28. Debtor failed to attend the continued 341 Meeting of Creditors on December 9, 2021. [*See* Davis Declaration].

---

[4] Given Debtor's failure to file operating reports, the U.S. Trustee reserves her right to supplement this Motion in the event that Debtor tardily files MORs that support cause for conversion or dismissal under Section 1112(b)(4)(A) due to a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.

6

29. Accordingly, the Court should grant the relief requested in the Motion and enter an order dismissing this case.

**D.  *Cause Exists under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4) because Debtor has Failed to Expeditiously Prosecute this Bankruptcy Case.***

30. Cause to convert or dismiss a Chapter 11 case also includes a debtor's failure to expeditiously prosecute its case. *In re Babayoff*, 445 B.R. at 79 (holding that because "[a] debtor's failure to make meaningful and substantive progress toward the confirmation of a plan . . . is nearly always prejudicial to creditors[,] . . . a debtor cannot wallow in chapter 11.") (quotations and citations omitted); *In re Milford Connecticut Assocs.*, 389 B.R. 303, 309 (Bankr. D. Conn. 2008) ("Chapter 11 debtors cannot 'have their cake and eat it too'; the extraordinary relief provided by the bankruptcy laws comes with a price . . . includ[ing] the responsibility to pursue an open and expeditious reorganization."); *In re Van Brunt*, 46 B.R. 29, 30 (Bankr. W.D. Wisc. 1984) ("The Chapter 11 debtor is a fiduciary of his creditors. . . and is obligated to prosecute his bankruptcy proceeding in an expeditious manner.") (citations omitted).

31. Here Debtor has failed to take any action of record for over a month in a case where Debtor has been in bankruptcy for over two and a half months without filing the most basic documents or to defend against a motion for relief from stay. In addition, Debtor' counsel has sought to withdraw. [*See* generally case docket].

32. No Chapter 11 plan or disclosure statement has been filed in this case. [*See generally* case docket].

33. Debtor has not expeditiously prosecuted this relatively simple case.

34. Given Debtor's failure to expeditiously prosecute this case as a fiduciary to his creditors, cause exists to either dismiss Debtor's case or to convert it to a case under chapter 7 of the Bankruptcy Code. Debtor's case should, therefore, be converted or dismissed.

**F.  *Once cause is established, Debtor has the burden of establishing all elements of the statutory defenses available under 11 U.S.C. § 1112(b)(2).***

35. Once "cause" is established, the burden then shifts to the debtor to demonstrate that §1112(b)(2) precludes relief under §1112(b)(1). *Sanders v. United States Trustee (In re*

7

*Sanders),* 2013 Bankr. LEXIS 4681 at *18-19 (B.A.P. 9th Cir. April 11, 2013).  The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate." *See* 11 U.S.C. §1112(b)(1).   For the exception to apply: (1) the debtor must prove and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of creditors and the estate; and (2) the debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time.  *See Warren v. Young (In re Warren)*, 2015 Bankr. LEXIS 1775 at *11-12 (B.A.P. 9th Cir. May 28, 2015).  As noted, the Debtor bears the burden of proving unusual circumstances are present in the case that render dismissal or conversion is not in the best interest of creditors or the estate.  *In re Sanders*, 2013 Bankr. LEXIS 4681 at *18-19.

36. In addition to establishing unusual circumstances, the Debtor or other respondents seeking to avoid conversion or dismissal must establish the requirements set forth in Section 1112(b)(2)(A)–(b)(2)(B).  Section 1112(b)(2) provides:

> . . . *and* the debtor or any other party in interest establishes that–
>
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; *and*
>
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)
>
> (i) for which there exists a reasonable justification for the act or omission; *and*
>
> (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2) (emphasis added).

37. Importantly, the Debtor must establish each of the statutory elements set forth under Section 1112(b)(2) because the statute is written in the conjunctive.  *See In re Om Shivai, Inc*. 447 B.R. 459, 465 (Bankr. D.S.C. 2011); *Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707, 717 (Bankr. D. Md. 2011).

38. The record does not disclose any unusual circumstances that would establish justification against granting the relief requested in the Motion.

39. Dismissal of this case appears to be the more appropriate remedy. Debtor no longer owns the 2019 Ford F350 and no schedules have been filed disclosing what other assets exist that a Chapter 7 trustee could administer. In the alternative, the U.S. Trustee does not object to the Court converting this case to Chapter 7 if the Court ultimately determines that such relief is in the best interests of creditors and the estate. *See Rand v. Porsche Fin. Servs. (In re Rand)*, 2010 Bankr. LEXIS 5076, 2010 WL 6259960, *10 n.14 (B.A.P. 9th Cir. Dec. 7, 2010)(internal citations omitted) (identifying ten factors courts have used to determine whether dismissal or conversion is in the best interests of creditors and the estate under §1112(b)(1)).

### III. *Debtor's failure to file all documents required by Section 521(a)(1) within 15 days of the petition date also provides grounds to dismiss this case pursuant to 11 U.S.C. § 1112(e).*

40. Section 1112(e) provides, *inter alia*, that the Court may, upon the request of the United States Trustee, convert a case to one under Chapter 7, or dismiss a case, if the Debtor fails:

> [W]ithin fifteen days after the filing of the petition commencing such case or such additional time as the court may allow, the information required by paragraph (1) of section 521 (a), including a list containing the names and addresses of the holders of the twenty largest unsecured claims (or of all unsecured claims if there are fewer than twenty unsecured claims), and the approximate dollar amounts of each of such claims.

11 U.S.C. § 1112(e)(emphasis added).

41. Section 521(a)(1) provides:

> (a) The debtor shall—
>
> (1) file—
>
> (A) a list of creditors; and
>
> (B) unless the court orders otherwise—
>
> (i) a schedule of assets and liabilities;

9

> (ii) a schedule of current income and current expenditures;
>
> (iii) a statement of the debtor's financial affairs and, if section 342(b) applies, a certificate—
>
>> (I) of an attorney whose name is indicated on the petition as the attorney for the debtor, or a bankruptcy petition preparer signing the petition under section 110(b)(1), indicating that such attorney or the bankruptcy petition preparer delivered to the debtor the notice required by section 342(b); or
>>
>> (II) if no attorney is so indicated, and no bankruptcy petition preparer signed the petition, of the debtor that such notice was received and read by the debtor;
>
> (iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor;
>
> (v) a statement of the amount of monthly net income, itemized to show how the amount is calculated; and
>
> (vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition;

11 U.S.C. § 521(a)(1).

42. A review of the case docket does not show that the court has waived Debtor's duties under Section 521(a)(1) or extended the filing deadline by an order entered on the case docket. [*See generally* case docket]. As extended by the FRBP, the fifteenth day after the petition date was Monday, October 4, 2021. Debtor failed to file all of the documents required by Section 521(a) within that 15 day period. [*See* Davis Declaration].

43. Among other things, Debtor has failed to file any of its schedules of assets and liabilities or a Statement of Financial Affairs. [*See* ECF No. 7; *see generally* case docket].

44. Accordingly, Debtor has failed to file the required documents within the time frame set forth in 11 U.S.C. § 1112(e). Therefore, the Court should dismiss this case.

45. For the reasons stated herein, the relief requested in the Motion should be granted, and Debtor's bankruptcy case should be dismissed, or in the alternative, converted to Chapter 7.

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court enter an order (a) granting the Motion; (b) dismissing this case, or, in the alternative, converting this case to one under Chapter 7; and (c) granting such other relief as is just under the circumstances.

Dated: December 10, 2021

Tracy Hope Davis
United States Trustee, Region 17

By: */s/ Edward M. McDonald Jr*.
    Edward M. McDonald Jr.,
    Trial Attorney

# EXHIBIT A

# PROPOSED FORM OF ORDER

Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Edward M. McDonald Jr., Trial Attorney
State Bar No. NY 4126009
*edward.m.mcdonald@usdoj.gov*
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Ste. 4300, Las Vegas, NV 89101
Tel.: (702) 388-6600, Ext. 234; Fax: (702) 388-6658
Attorneys for the U.S. Trustee for Region 17, Tracy Hope Davis

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re | Case No: BK-S-19-14796-MKN |
|---|---|
| **GYPSUM RESOURCES MATERIALS, LLC,** | Jointly Administered with Case No: BK-S-19-14799-MKN Chapter 11 |
| ☒ Affects Gypsum Resources Materials, LLC<br>☒ Affects Gypsum Resources, LLC<br>☒ Affects all Debtors | Date: July 13, 2021<br>Time: 9:30 a.m.<br>Location: Foley Crtrm. 2, Telephonic<br>(888) 684-8852, 9882536# |

### ORDER CONVERTING CASES TO CHAPTER 7

Based on the *Motion of the United States Trustee, Pursuant to 11 U.S.C. § 1112(b), and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Convert or Dismiss Chapter 11 Cases and Reservation of Rights* (the "Motion"), the hearing held on July 13, 2021 (appearances noted on the record), the Court having stated on the record its findings of fact and conclusions of law, which are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052, and Federal Rule of Civil Procedure 52, with good cause having

been shown,

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**; and,

**IT IS FURTHER ORDERED** that the case entitled *In re Gypsum Resources Materials, LLC*, Case No. 19-14796-MKN (Bankr. D. Nev.) is **CONVERTED TO CHAPTER 7**; and

**IT IS FURTHER ORDERED** that the case entitled *In re Gypsum Resources, LLC*, Case No. 19-14799-MKN (Bankr. D. Nev.) is **CONVERTED TO CHAPTER 7**.

**IT IS SO ORDERED.**

Submitted by:

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By:  */s/ Edward M. McDonald Jr.*
　　Edward M. McDonald Jr., Esq.
　　United States Department of Justice
　　Attorney for the United States Trustee

<u>RULE 9021 DECLARATION</u>

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the Court's ruling and that:

☐ The court has waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

| APPROVE/DISAPPROVE | |
|---|---|
| _____<br>BRETT A. AXELROD, ESQ.<br>FOX ROTHSCHILD LLP<br>1980 FESTIVAL PLAZA DRIVE STE 700<br>LAS VEGAS, NV 89135<br><br>*Counsel for the Debtors* | |

☐ I certify that this is a case under Chapter 7 or 13, that I served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

                By: */s/ Edward M. McDonald Jr.*
                Edward M. McDonald Jr., Esq.
                United States Department of Justice
                Attorney for the United States Trustee